# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Beaver _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: 11398 of 2017 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Michael Gorchock | FirstEnergy Corp. |

a/k/a Freeport Transport, Inc.
☐   Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: Keith R. McMillen

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | ___ within arbitration limits  X outside arbitration limits |
|---|---|---|

Is this a *Class Action Suit*? ☐ Yes ☒ No

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other:
    - Personal Injury

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
    - _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
    - _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
    - _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
    - _____
- ☐ Other:
    - _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
    - _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other
    - _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other:
    - _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
    - _____

Pa.R.C.P. 205.5

EXHIBIT A

| Court of Common Pleas of Beaver County<br>Civil Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br><br>**11398-2017** |
|---|---|

| PLAINTIFF'S NAME<br>**Michael Gorchock** | DEFENDANT'S NAME<br>**FirstEnergy Corp.** |
|---|---|
| PLAINTIFF'S ADDRESS<br>**2758 Zephyr Avenue**<br>**Pittsburgh, PA 15201** | DEFENDANT'S ADDRESS<br>**4400 Easton Commons Way, Suite 124**<br>**Columbus, OH 43219** |
| | DEFENDANT'S NAME<br>**FirstEnergy Generation LLC** |
| | DEFENDANT'S ADDRESS<br>**4400 Easton Commons Way, Suite 124**<br>**Columbus, OH 43219** |
| | DEFENDANT'S NAME<br>**FirstEnergy Generation Mansfield Unit 1 Corp.** |
| | DEFENDANT'S ADDRESS<br>**128 Ferry Hill Road**<br>**Shippingport, PA 15077** |

| TOTAL NO. OF PLAINTIFFS<br>1 | TOTAL NO. OF DEFENDANTS<br>3 | COMMENCEMENT OF ACTION<br>[X]Complaint        [ ] Notice of Appeal<br><br>[] Writ of Summons<br><br>[ ]Transfer from Other Jurisdictions |
|---|---|---|

| AMOUNT IN<br>CONTROVERSY<br><br>[ ] $25,000 or less<br><br>[x] Over $25,000 | CASE TYPE<br><br>[ ] Motor Vehicle          [ ] Mortgage Foreclosure   [ ] Partition<br>[ ] Medical Malpractice    [ ] Ejectment              [ ] Declaratory Judgmer<br>[ ] Other Professional Liability  [ ] Statutory Appeals   [ ] Replevin<br>[ ] Product Liability       [ ] Quiet Title            [ ] Asbestos<br>[X] Other: **Personal Injury**                                 [ ] Domestic Relations<br>                                                              [ ] Divorce<br>                                                              [ ] Custody |
|---|---|

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: (or Pro Se Litigant)

Papers may be served at the address set forth below

| NAME OF PLAINTIFF'S/PETITIONER/APPELLANT'S<br>ATTORNEY (OR PRO SE LITIGANT)<br>**Richard Urick, Esquire**<br>**Keith R. McMillen, Esquire** | ADDRESS (SEE INSTRUCTIONS)<br>**McMillen, Urick, Tocci & Jones**<br>**2131 Brodhead Road**<br>**Aliquippa, PA  15001** |
|---|---|

| PHONE NUMBER<br>**724-375-6683** | FAX NUMBER<br>**724-375-6099** | EMAIL ADDRESS<br>rurick@personalaw.com<br>kmcmillen@personalaw.com |
|---|---|---|

| SIGNATURE | SUPREME COURT IDENTIFICATION<br>**Richard Urick, Esq. 30997**<br>**Keith R. McMillen, Esq. 21952** | DATE<br>11-7-17<br>11-7-17 |
|---|---|---|

2

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CIVIL DIVISION

:

| | | |
|---|---|---|
| MICHAEL GORCHOCK, | : | No.     11398-2017 |
| Plaintiff, | : | TYPE OF PLEADING |
| vs. | : | **COMPLAINT** |
| FIRSTENERGY CORP., FIRSTENERGY GENERATION, LLC, FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP., | : | FILED ON BEHALF OF: |
| | : | **PLAINTIFF** |
| Defendants | : | COUNSEL OF RECORD FOR THIS PARTY: |
| | : | Richard Urick, Esquire Supreme Court No. 30997 |
| | : | Keith R. McMillen, Esquire Supreme Court No. 21952 |
| | : | ADDRESS:   2131 Brodhead Road Aliquippa, PA 15001 |
| | : | TELEPHONE:       (724) 375-6683 |
| | : | FAX:       (724) 375-5099 |
| | : | Email: rurick@personallaw.com kmcmillen@personallaw.com |
| | : | |

3

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CIVIL DIVISION

| | | | |
|---|---|---|---|
| MICHAEL GORCHOCK, | : | No. | 11398-2017 |
| Plaintiff, | : | | |
| vs. | : | | |
| FIRSTENERGY CORP., FIRSTENERGY GENERATION, LLC, FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP., | : | | |
| Defendants | : | | |

TO:   FIRSTENERGY CORP., FIRSTENERGY GENERATION, LLC, FIRSTENERGY
      GENERATION MANSFIELD UNIT 1 CORP, DEFENDANTS.

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT REDUCED FEE OR NO FEE.

Lawyer Referral Service
Beaver County Bar Association
788 Turnpike Street
Beaver, PA 15009
Telephone: (724)-728-4888
http://bcba-pa.org/lawyer-referral-service/

## COMPLAINT

COMES NOW, the Plaintiff, Michael Gorchock, by and through his undersigned attorneys and files this Complaint against Defendants, and in support thereof avers the following:

1.      Plaintiff, Michael Gorchock, (hereinafter "Plaintiff" or "Gorchock"), is an adult citizen residing at 2758 Zephyr Avenue, Pittsburgh, PA 15210.

2.      Defendant FirstEnergy Corporation is a corporation or other business entity organized and existing under the law of the State of Ohio and a Pennsylvania registered foreign corporation with a registered office at 4400 Easton Commons Way, Suite 124, Columbus, Ohio 43219.

3.      At all relevant times, Defendant FirstEnergy Corporation has carried out, and continues to carry out regular, substantial, continuous and systematic business activities in the Commonwealth of Pennsylvania, specifically at energy generation plants located in Shippingport, Beaver County, Commonwealth of Pennsylvania.

4.      At all relevant times, Defendant FirstEnergy Corporation was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with FirstEnergy Corporation.

5.      Defendant FirstEnergy Generation, LLC, is a Limited Liability Company or other business entity organized and existing under the law of the State of Ohio and a Pennsylvania registered foreign company with a registered office at 4400 Easton Commons Way, Suite 124, Columbus, Ohio 43219.

6.      At all relevant times, Defendant FirstEnergy Generation, LLC has carried out, and continues to carry out regular, substantial, continuous and systematic business activities in the

Commonwealth of Pennsylvania, specifically at energy generation plants located in Shippingport, Beaver County, Commonwealth of Pennsylvania.

7.     At all relevant times, FirstEnergy Generation, LLC was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with FirstEnergy Generation, LLC.

8.     Defendant, FirstEnergy Generation Mansfield Unit 1 Corporation, is a corporation or other business entity organized and existing under the law of the State of Ohio and a Pennsylvania registered foreign corporation with a principal place of business at128 Ferry Hill Road, Shippingport, Beaver County, Commonwealth of Pennsylvania 15077.

9.     At all relevant times, FirstEnergy Generation Mansfield Unit 1 Corporation, has carried out and continues to carry out, regular, substantial, continuous and systematic business activities in the Commonwealth of Pennsylvania, specifically at energy generation plants located in Shippingport, Beaver County, Commonwealth of Pennsylvania.

10.     At all relevant times, FirstEnergy Generation Mansfield Unit 1 Corporation, was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency, service and/or employment with FirstEnergy Generation Mansfield Unit 1 Corporation.

11.     Defendants, FirstEnergy Corporation, FirstEnergy Generation, LLC and FirstEnergy Generation Mansfield Unit 1 Corporation, shall hereinafter be referred to collectively as "FirstEnergy Defendants".

12.     At all relevant times, one or more of the FirstEnergy Defendants owned, controlled, possessed, and/or maintained the coal-fired power plant known as the Bruce Mansfield Plant located at 128 Ferry Hill Road, Shippingport, Beaver County, Pennsylvania 15077 ("Mansfield Plant").

13.     At all relevant times, to this cause of action, Plaintiff was working for one or more of the Enerfab companies.

14.     At all relevant times, to this cause of action, one or more of the Enerfab companies was under contract with one or more of the FirstEnergy Defendants to perform work and/or maintenance at the Mansfield Plant.

15.     In the hours between August 29, 2017 and August 30, 2017, Plaintiff was working for one or more of the Enerfab companies at the Mansfield Plant.

16.     On that date, Plaintiff and several other Enerfab workers were instructed by one or more agents, workmen or employees of and acting on behalf of the FirstEnergy Defendants to remove an elbow joint from a pipe ("subject pipe") in a partially underground and partially enclosed concrete structure. The structure has limited access and egress and is therefore a confined space as defined by OHSA regulations.

17.     Plaintiff was instructed that subject pipe contained water only.

18.     Plaintiff and Kevin Bachner, John Gorchock, Nathanial Compton and Thomas Cantwell (sometime collectively referred to as co-workers) were performing the necessary work near the bottom of the structure while Mark Wagner, an employee of one of the FirstEnergy Defendants, remained at the top.

19.     During the work, a circuit breaker tripped, leading to a power outage which in turn caused darkness in the structure. Plaintiff's co-worker, Thomas Cantwell climbed out of the structure to reset the circuit breaker and restore lighting.

20.     Thereafter, a noxious, dangerous and/or poisonous gas, believed to be hydrogen sulfide was released from the subject pipe.

21.     Although power and light were restored, Plaintiff and other co-workers were subjected to the aforesaid gas, causing Plaintiff and the others to attempt to escape the confined space by climbing the ladder to get out.

22.     Plaintiff heard pleas from his brother, John Gorchock, who perished in the incident, to help Nate Compton, exit the confined space, however, Nate Compton lost consciousness on the ladder.

23.     Plaintiff lost consciousness as a result of his own exposure to the gas.

24.     Plaintiff, Nate Compton and Tom Cantwell, were all found outside of the structure by rescue crews and treated medically.

25.     Kevin Bachner and John Gorchock were unable to escape and died, either from their exposure to the gas or from drowning in the structure while unconscious.

26.     As a direct and proximate result of the negligent conduct of the Defendants, Plaintiff sustained severe physical injuries, the full extent of which have yet to be determined, including:

    (a)    Loss of consciousness requiring hospitalization and treatment;

    (b)    Permanent damage to his nervous, cardiovascular and respiratory systems;

    (c)    Severe and permanent injury to his arms, shoulders and back;

    (d)    Fractured ribs;

    (e)    Punctured/collapsed lungs;

    (f)    Dizziness;

    (g)    Vertigo;

    (h)    Concussion;

    (i)    Nightmares;

    (j)    Headaches;

(k)     Injury, irritation and inflammation of the eyes, nose, mouth and throat;

(l)     Trauma, stress, anxiety, post-traumatic stress disorder, and other mental and psychological injuries; and

(m)     Cognitive impairment;

(n)     Tinnitus (ringing in ears);

(o)     Photosensitivity;

(p)     Irritability

(q)     Constant state of fogginess;

(r)     Short-term memory loss;

(s)     Inability to focus and/o concentrate;

(t)     Severe and conscious pain and suffering from the injuries sustained in this incident.

27.     As a direct and proximate result of the negligent conduct of Defendants, Plaintiff incurred substantial economic damages, the full extent of which have yet to be determined, including past and future medical expenses, past and future lost wages, and loss of future earning capacity.

## COUNT I – NEGLIGENCE
### Michael Gorchock vs. FirstEnergy Defendants

28.     Plaintiff incorporates by reference Paragraphs one (1) through twenty-seven (27), of this Complaint as if set forth at length.

29.     At all relevant times, the FirstEnergy Defendants owned, operated, managed and/or controlled Mansfield Plant where Plaintiff was injured and as such, owed a duty to those person(s)

lawfully entered upon the premises, including Plaintiff, as business invitees, to provide a reasonably

safe environment, free from hazards and unseen dangers and conditions.

      30.    At all relevant times, the FirstEnergy Defendants had a duty to supervise the work

being performed at the Mansfield Plant and to establish plans, recommendations, designs, and

specifications for the performance of the work.

      31.    The FirstEnergy Defendants owed a duty to those person(s) engaged in work at the

Mansfield Plant to provide a reasonably safe environment, free from hidden and/or unreasonable

hazards, with adequate and appropriate safety procedures.

      32.    The FirstEnergy Defendants were careless and negligent in numerous respects,

including, without limitation, the following:

      (a)    Failing to inspect the contents of the subject pipe;

      (b)    Failing to ensure that the subject pipe was safe and/or properly cleared before work began;

      (c)    Failing to ensure that employees, contractors, subcontractors and/or other third parties involved in the work, were properly experienced or trained for the work that was to be performed.

      (d)    Failing to properly label the subject pipe with appropriate warnings;

      (e)    Failing to adequately test the air quality of the structure before work began;

      (f)    Failing to require and/or implement continuous air monitoring during work;

      (g)    Failing to warn employees, contractors, subcontractors and/or other third parties of the dangers of the subject pipe;

      (h)    Failing to supply employees, contractors, subcontractors and/or other third parties with appropriate OSHA compliant personal protective equipment;

      (i)    Failing to ensure that employees, contractors, subcontractors and/or other third parties had and were using appropriate OSHA compliant personal protective equipment;

(j)     Failing to perform a workplace evaluation for the work area involved in this incident to determine if it was a "confined space: as defined by OSHA;

(k)     Failing to obtain a permit for work in a confined space before work began in violation of OSHA;

(l)     Failing to warn or inform exposed employees, contractors, subcontractors and/or other third parties, by posting danger signs or by any other equally effective means, of the existence and location of and the danger posed by the confined spaces;

(m)    Failing to implement or require a site-specific safety plan for the work area involved in this incident;

(n)     Failing to inform employees, contractors, subcontractors and/or other third parties that the workplace contains confined permit spaces and that permit space entry is allowed only through compliance with a permit space program, in violation of OSHA 1910.146(c)(8)(i);

(o)     Failing to ensure employees, contractors, subcontractors and/or other third parties that the workplace complied with the permit space program, in violation of OSHA 1910.146(c)(8)(i);

(p)     Failing to apprise employees, contractors, subcontractors and/or other third parties of the elements, including the hazards identified and FirstEnergy Defendants' experience with the space, that make the space in question a permit space, in violation of OSHA 1910.146(c)(8)(ii);

(q)     Failing to apprise employees, contractors, subcontractors and/or other third parties of any precaution(s) or procedure(s) that FirstEnergy Defendants implemented for the protection of employees in or near permit spaces where contractor personnel will be working, in violation of OSHA 1910.146(c)(8)(iii);

(r)     Failing to coordinate entry operations with employees, contractors, subcontractors and/or other third parties when both FirstEnergy Defendants' personnel and contractor personnel will be working in or near permit spaces, in violation of 1910.146(c)(8)(iv);

(s)     Failing to design and implement an escape and/or rescue plan for confined spaces at the Mansfield Plant;

(t)     Failing to familiarize employees, contractors, subcontractors and/or other third parties with the subject pipe;

(u)     Failing to mandate and ensure that employees, contractors, subcontractors and/or other third parties had received proper safety training related to work on pipes and around hazardous gas(es);

(v)     Failing to provide employees, contractors, subcontractors and/or other third parties with proper safety training relating to work on pipes and around hazardous gas(es);

(w)     Failing to mandate and ensure that employees, contractors, subcontractors and/or other third parties had received proper safety training on confined spaces prior to working in a confined space in compliance with OSHA 1910.146;

(x)     Failing to provide employees, contractors, subcontractors and/or other third parties with proper safety training on confined spaces prior to working in a confined space in compliance with OSHA 1910.146;

(y)     Failing to ensure the subject pipe had an emergency shut off valve accessible in the enclosed well;

(z)     Failing to ensure that employees, contractors, subcontractors and/or other third parties were trained or instructed as to the location of an emergency shut off for the subject pipe;

(aa)    Failing to create and implement a system to prevent the buildup of poisonous gas in the subject pipe;

(bb)    Failing to supervise and monitor employees, contractors, subcontractors and/or other third parties in their work;

(cc)    Failing to provide appropriate OSHA compliant rescue and emergency equipment;

(dd)    Failing to properly equip the subject pipe;

(ee)    Failing to properly inspect the subject pipe;

(ff)    Failing to maintain the subject pipe;

(gg)    Failing to install and/or maintain a forced air ventilation system in the work area involved in this incident;

(hh)    Failing to ensure the safety of employees, contractors, subcontractors and/or other third parties performing work at the Mansfield Plant; and

      (ii)     Failing to ensure the safety of the work performed at the Mansfield Plant.

33.   By reason of the carelessness and negligence of the FirstEnergy Defendants, Plaintiff sustained the severe injuries and damages set forth above.

34.   By conducting itself as set forth above, FirstEnergy Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's injuries.

35.   The Defendants knew or should have known that the presence of toxic gas in a confined space creates a high risk of physical harm to others in the vicinity and that Defendant's conduct as aforesaid was in reckless and conscious disregard or indifference to that risk.  By virtue of the outrageous behavior of the Defendants, specifically permitting the release of toxic gas in a confined space, their conduct demonstrated reckless indifference to the rights and safety of others, and entitles the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Michael Gorchock, demands judgment in his favor and against the Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), including delay damages, punitive damages, interest and allowable costs of suit and bring this action to recover same.

### COUNT II- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Michael Gorchock vs. FirstEnergy Defendants

36.   Plaintiff incorporates by reference the allegations of Paragraphs One (1) through Thirty Five (35) inclusive, as though the same were more fully set forth at length herein.

37.   Following the aforesaid accident, Plaintiff called out to his brother, John Gorchock, but did not receive a response.

38.     It is verily believed and therefore averred, that the conduct of the Defendants as aforesaid resulted in a severe psychological and/or emotional condition to the Plaintiff which condition is believed to be permanent.

39.     That the reckless, negligent, careless, and natural results of the said actions of the Defendants have caused the Plaintiff, and continue to cause the Plaintiff, severe mental suffering.

40.     At the time of the incident described herein Plaintiff was in the immediate presence of his brother, John Gorchock, when both of their eyes began to burn.  Each commented to the other regarding the burning sensation described.

41.     At the time of the incident described herein, Plaintiff was at the top of the trench (confined space) and was looking directly at his brother, John Gorchock, as he struggled to get to the top of the trench (confined space) where Plaintiff was located only to grimace in pain and fall back into the trench (confined space).

42.     At the time of the incident described herein, it was Plaintiff's perception that his brother was scared, frightened and terrified at his inability to extricate himself from the trench (confined space).

43.     Shortly thereafter, Plaintiff was overcome with toxic gas and was caused to pass out.

44.     Subsequently, Plaintiff awoke in the emergency room to overhear paramedics state that a "couple people died at the plant" causing Plaintiff to suspect that his brother may have been one of the fatalities.  Soon a relative confirmed to Plaintiff that his brother had been killed in the subject incident.

45.     It is specifically averred that the conduct of the Defendants have resulted in a permanent loss of earning power to the Plaintiff.

14

46.    That the negligence, carelessness and recklessness of the Defendants as aforesaid have resulted in the Plaintiff being in a constant state of depression and anxiety and such depression and anxiety will go with Plaintiff throughout his life and is a permanent scar on his mind and life throughout the future years and as such constitutes a negligent infliction of emotional distress by the Defendants to the person of the Plaintiff.

47.    That the negligence, carelessness and recklessness of the Defendants, as aforesaid, resulted in a physical impact and/or physical harm to the Plaintiff in that the Plaintiff suffered those injuries that are specifically set forth in Paragraph Twenty-Six (26) of the within Complaint and which are incorporated herein by reference.

48.    That Plaintiff, during the aforementioned incident, was in personal danger of emotional and physical harm due to the Defendants' conduct, as described above, and Plaintiff feared such harm and thereby experienced emotional distress.

49.    As a result of injuries sustained in the aforementioned accident, Plaintiff's brother died.

50.    At all times material to Plaintiff's cause of action, he was present with his brother both prior to and at the time of his death.

51.    As a direct and proximate result of Defendants' negligence and Plaintiff sensory and contemporaneous observation of both the accident and death of his brother, Plaintiff experienced severe emotional distress and extreme mental pain and suffering and various physical injuries as aforesaid that were caused thereby, including:

(a)    Chronic depression;

(b)    Awakening almost every night by nightmares;

(c)    Experiencing frequent flashbacks of his last moments with his brother;

(d)    Being unable to concentrate;

(e)    Becoming extremely fearful;

(f)    Becoming indifferent to food

(g)    Feeling guilty over the fact that his brother died and he is still living;

(h)    A broadly reduced level of psychological functioning;

(i)    Feeling life is no longer worthwhile and that he is losing control of his thought processes;

(j)    Extreme anxiety;

(k)    Becoming socially introverted and becoming fearful of interpersonal simulation;

(l)    Feeling emotionally and socially alienated;

(m)    Post-traumatic stress disorder that was elevated to the very significant range;

(n)    Extreme distractibility;

(o)    Finding his current situation intolerable, and perceiving his future as ominous and meaningless;

(p)    Social withdrawal and a lack of interest in full social participation;

(q)    Feeling extremely vulnerable in an environment he perceives as very dangerous and inevitably overwhelming;

(r)    Preoccupied with physical harm and death;

(s)    Tenseness; and

(t)    Post-concussive syndrome.

WHEREFORE, Plaintiff, Michael Gorchock, demands judgment in his favor and against the Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), including delay damages, punitive damages, interest and allowable costs of suit and bring this action to recover same.

Respectfully submitted,

MCMILLEN, URICK, TOCCI & JONES

Richard Urick, Esquire

Keith R. McMillen, Esquire

## VERIFICATION

COMMONWEALTH OF PENNSYLVANIA    )
                                         )    SS:

COUNTY OF BEAVER                       )

       I verify that the statements made in the Complaint are true and correct, that the attached Complaint is based upon information which has been gathered by my counsel in the preparation of the lawsuit.  The language of it is that of counsel and not of myself.  I have read it and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief.  To the extent that the content of it is that of counsel, I have relied upon counsel in making this Verification.  I understand that false statements herein made are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Michael Gorchock                            11-7-2017
Michael Gorchock                            Date

FILED OR ISSUED

2017 NOV -9  PM 3: 50

NANCY WERME
PROTHONOTARY
BEAVER COUNTY, PA