**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL GORCHOCK,      :
                       :
     Plaintiff,          :
                       :     Civil Action No.: 2:17-CV-01494-DSC
vs.                     :     Hon. David S. Cercone
                       :
FIRSTENERGY CORP., FIRSTENERGY :
GENERATION, LLC, FIRSTENERGY   :
GENERATION MANSFIELD UNIT 1    :
CORP.,                      :
                       :
     Defendants.        :

**BRIEF IN SUPPORT OF**
**MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42(a)**

**FACTS AND PROCEDURAL HISTORY**

The within action seeks damages for personal injuries sustained in an industrial accident that occurred in the hours between August 29 and August 30, 2017 at the Defendant's Bruce Mansfield plant located in Shippingport, Beaver County, Pennsylvania.  The accident involved the release of noxious, dangerous and/or poisonous gas, causing injury to the Plaintiff as well as others, including Tom Cantwell who was also injured, and Kevin Bachner, and Thomas Gorchock, who both died as a result of their exposure.

On November 8, 2017, Plaintiff filed the within negligence claim in the Court of Common Pleas of Beaver County, Pennsylvania at Beaver County Court of Common Pleas No. 11398 of 2017.  A copy of Plaintiff's Complaint is attached to Plaintiff's Motion to Consolidate as Exhibit 1.  Negligence claims were filed on behalf the other individuals injured in the accident at issue in the Court of Common Pleas of Allegheny County, Pennsylvania as follows:

a.  Alisa M. Gorchock as Administratrix of the Estate of Thomas Gorchock at Allegheny County Court of Common Pleas No. G.D. 17-014455;

b.  Kerri Ann Bachner as Administrarix of the Estate of Kevin Bachner at Allegheny County Court of Common Pleas No. G.D. 17-014499; and

c.  Thomas Cantwell at Allegheny County Court of Common Pleas No. G.D. 17-013705.

On November 16, 2017, the within claim, as well as those of the Estate of Thomas Gorchock, the Estate of Kevin Bachner, and Thomas Cantwell, were removed to the United States District Court for the Western District of Pennsylvania (Pittsburgh) based upon diversity of citizenship pursuant to 28 U.S.C. §1332 at the following Docket Numbers:

d.  Michael Gorchock at Civil Action No. 2:17-cv-01494-DSC;

e.  The Estate of Thomas Gorchock at Civil Action No. 2:17-cv-01496-DSC;

f.  The Estate of Kevin Bachner at Civil Action No. 2:17-cv-01497-DSC; and

g.  Thomas Cantwell at Civil Action No. 2:17-cv-01499-DSC.

The within claim is scheduled for an initial Case Management Conference on Tuesday May 15, 2018.  The claims of the Estate of Thomas Gorchock, the Estate of Kevin Bachner, and Thomas Cantwell are currently the subject of Motions to Remand based upon Amended Complaints, which those parties seek to file to include the addition of Pennsylvania Defendants, specifically Mascaro Construction Company, LP, and Mascaro Services, Inc., an engineering firm alleged to have designed and constructed the dewatering facility which directly and proximately led to the release of gas causing the subject accident.  Copies of the Motions to Remand, including the proposed Amended Complaints, filed on behalf of the Estate of Thomas

Gorchock, the Estate of Kevin Bachner, and Thomas Cantwell are attached to Plaintiff's Motion to Consolidate as Exhibits 2, 3, and 4 respectively.

It is anticipated that following receipt of the OSHA report related to the subject accident, information which will be sought in discovery, and appropriate expert opinion, the within Plaintiff will also request permission to Amend his Complaint to permit the addition of the Mascaro Defendants and/or other Defendants, and will also seek remand to State Court.

## ARGUMENT

The Plaintiff's claim, and the claims that have been filed on behalf of the Estate of Thomas Gorchock, the Estate of Kevin Bachner, and Thomas Cantwell, arise from the same accident and involve common questions of law and fact, therefore consolidation pursuant to Federal Rule of Civil Procedure 42(a) is appropriate.

F.R.C.P. 42(a) confers upon the Court broad power, whether at the request of a party or upon its own initiative, to consolidate cases that share common questions of law or fact as may facilitate the administration of justice.  *See*, A.S. v. SmithKline Beecham Corp., 769 F.3d 204, (3d Cir. 2014); *citing Ellerman Lines, Limited v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, (3d Cir. 1964); *and United States v. Schiff*, 602 F.3d 152, 176 (3d Cir. 2010). Federal Rule of Civil Procedure 42(a) provides as follows:

> (a) Consolidation.  If actions before the Court involve a common question of law or fact, the court may:
> (1) join for hearing or trial or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

The Four (4) cases the Plaintiff seeks to consolidate will require a determination of liability based upon the same factual circumstances, witnesses and conditions.  All Four (4) of those injured in the accident were working for the same employer, Enerfab.  The Complaint for

each claim raises a cause of action in negligence as to the First Energy Defendants, and it is anticipated that the within Plaintiff will seek leave to Amend his Complaint to include claims of negligence and professional negligence against the Mascaro Defendants as the other Plaintiffs have.  Legal issues relating to liability such as duty, standard of care, and comparative fault will be the same for all Four (4) cases.

Because the factual and legal issues relating to liability will be identical in all Four (4) cases, it would be in the interest of judicial economy to resolve these issues at one time.  All Four (4) cases are in the early stages of proceedings, which will permit discovery proceedings to occur on a similar timetable, and in a more economic manner.  No prejudice or undue delay will result from the consolidation of these cases, rather consolidation will allow for a determination of the common factual and legal issues presented to be decided at the same time, thus avoiding inconsistent results, unnecessary waste of judicial resources, and a more cost effective means of conducting discovery and presenting evidence.

## CONCLUSION

Consolidation of the personal injury claims presented in the Four (4) cases at issue would promote judicial economy, efficiency, and convenience and would avoid prejudice and unnecessary cost for the parties, therefore consolidation under F.R.C.P. 42(a) is appropriate.

By:     /s/ Kelly M. Tocci

Kelly M. Tocci, Esquire
2131 Brodhead Road
Aliquippa, PA   15001
Phone:   (724) 375-6683
Fax:      (724) 375-5099
ktocci@mutjlaw.com
PA 53572
Attorney for Plaintiff

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION
TO CONSOLIDATE PURSUANT TO F.R.C.P. 42(a) was electronically filed and is available
for viewing and downloading from the ECF system and was sent to all Counsel of record this
22nd day of March, 2018 via electronic service, addressed below:

| | |
|---|---|
| Michael P. Leahey, Esquire<br>Jackson Kelly PLLC<br>Three Gateway Center, Suite 1500<br>401 Liberty Avenue<br>Pittsburgh, PA 15222<br>mpleahey@jacksonkelly.com<br>*Counsel for Defendant, FirstEnergy Corp.,*<br>*FirstEnergy Generation, LLC, and FirstEnergy*<br>*Generation Mansfield Unit 1 Corp.* | Kathy K. Condo, Esquire<br>Mark K. Dausch, Esquire<br>Shannon Anna DeHarde, Esquire<br>Babst Calland Clements & Zomnir, P.C.<br>Two Gateway Center<br>Pittsburgh, PA 15222<br>kcondo@babstcalland.com<br>mdausch@babstcalland.com<br>sdeharde@babstcalland.com<br>*Counsel for Defendant, FirstEnergy Corp.,*<br>*FirstEnergy Generation, LLC, and FirstEnergy*<br>*Generation Mansfield Unit 1 Corp.* |
| Lawrence E. Gurrera, II, Esquire<br>Edgar Snyder & Associates, LLC<br>U.S. Steel Tower, 10th Floor<br>600 Grant Street<br>Pittsburgh, PA 15219<br>lgurrera@edgarsnyder.com<br>*Counsel for Kerri Ann Bachner, as*<br>*Administratrix of the Estate of Kevin Patrick*<br>*Bachner and in her own right* | David L. Kwass, Esquire<br>Saltz, Mongeluzzi, Barrett & Bendesky, P.C.<br>1650 Market Street, 52nd Floor<br>Philadelphia, PA 19103<br>dkwass@smbb.com<br>*Counsel for Kerri Ann Bachner, as*<br>*Administratrix of the Estate of Kevin Patrick*<br>*Bachner and in her own right, Alisa M.*<br>*Gorchock, as Administratrix of the Estate of*<br>*John M. Gorchock and in her own right, and*<br>*Thomas Cantwell* |

Brad D. Trust, Esquire
Edgar Snyder & Associates, LLC
U.S. Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
btrust@edgarsnyder.com
*Counsel for Alisa M. Gorchock, as*
*Administratrix of the Estate of John M.*
*Gorchock and in her own right*

Robert J. Mongeluzzi, Esquire
Saltz, Mongeluzzi, Barrett & Bendesky
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
dkwass@smbb.com
*Counsel for Thomas Cantwell*

By:   /s/ Kelly M. Tocci

Kelly M. Tocci, Esquire
2131 Brodhead Road
Aliquippa, PA   15001
Phone:   (724) 375-6683
Fax:       (724) 375-5099
ktocci@mutjlaw.com
PA 53572
Attorney for Plaintiff

6