<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE WESTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| MICHAEL GORCHOCK, | : | Civil Action No.: 2:17-CV-01494-DSC |
| | : | |
| Plaintiff, | : | |
| | : | **JURY TRIAL DEMANDED** |
| vs. | : | |
| | : | |
| FIRSTENERGY CORP., FIRSTENERGY | : | **PLAINTIFF'S MOTION FOR RELIEF** |
| GENERATION, LLC, FIRSTENERGY | : | **FROM STAY** |
| GENERATION MANSFIELD UNIT 1 | : | |
| CORP., | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR RELIEF FROM STAY

1.      On March 31, 2018, FirstEnergy Solutions Corp. and its affiliated debtors, including FirstEnergy Generation, LLC and FirstEnergy Generation Mansfield Unit 1 Corp., ("Debtor Defendants") commenced voluntary Chapter 11 bankruptcy cases in the United States Bankruptcy Court for the Northern District of Ohio.

2.      Pursuant to 11 U.S.C. § 362 of the Bankruptcy Code, Plaintiff's actions against the Debtor Defendants in this Court were automatically stayed until resolution of the Chapter 11 bankruptcy cases.

3.      Plaintiff and the remaining non-debtor Defendants requested this Court place the entire action in stay during the pendency of the Debtor Defendants' bankruptcy proceedings.

4.      On October 16, 2019, the Bankruptcy Court confirmed the Eighth Amended Joint Plan of Reorganization of FirstEnergy Solutions Corp. and its affiliated debtors.

5.      Prior to confirmation, the debtors and the above-captioned Plaintiff agreed by stipulation to relief from the automatic stay of their civil actions.

6.      Specifically, the stipulation reads: "The automatic stay with respect to the Debtor Defendants shall be modified effective on the date of entry of a Confirmation Order in these Chapter 11 Cases and from and after that date, all parties to the Civil Actions, including the Parties, are authorized to proceed in such Civil Actions." *See* Stipulation and Agreed Order, attached hereto as Exhibit "A". The Court signed and confirmed the Order on May 6, 2019.

7.      Pursuant to the stipulation by and between the parties, the stay of the civil action in this Court would be lifted upon entry of a Confirmation Order, which, as discussed *supra*, was entered on October 6, 2019.

8.    Accordingly, the above-captioned Plaintiff moves this Court for relief from the automatic stay entered by the Bankruptcy Court.


WHEREFORE, Plaintiff, Michael Gorchock, requests this Court enter an Order lifting the automatic stay under 11 U.S.C. § 362, and permit Plaintiffs to continue prosecution of their claims in this Court.


By:    /s/ Richard Urick
Richard Urick, Esquire
2131 Brodhead Road
Aliquippa, PA  15001
Phone:   (724) 375-6683
Fax:     (724) 375-5099
rurick@mutjlaw.com
PA 30997
Attorney for Plaintiff


Date:   December 4, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL GORCHOCK,                    :   Civil Action No.: 2:17-CV-01494-DSC
                                     :
              Plaintiff,             :
                                     :
vs.                                  :
                                     :
FIRSTENERGY CORP., FIRSTENERGY       :
GENERATION, LLC, FIRSTENERGY         :
GENERATION MANSFIELD UNIT 1          :
CORP.,                               :
                                     :
              Defendants.            :

# EXHIBIT "A"

Stipulation and Agreed Order

Document 49-1

Entered 05/07/2019

**This document was signed electronically on May 6, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated:  May 6, 2019**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | ) Case No. 18-50757 (AMK) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Hon. Judge Alan M. Koschik |

**STIPULATION AND AGREED ORDER BY AND AMONG THE
DEBTORS, KERRY ANN BACHNER, THOMAS CANTWELL, MICHAEL
GORCHOCK AND ALISA M. GORCHOCK PROVIDING FOR LIMITED
RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

This stipulation and agreed order (the "Stipulation") is made and entered into by and

among the Debtors (as defined below), Kerry Ann Bachner, Thomas Cantwell, Michael

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

Gorchock and Alisa M. Gorchock (collectively the "Movants", and, together with the Debtors, the "Parties"). The Parties hereby stipulate as follows:

WHEREAS, on March 31, 2018, FirstEnergy Solutions Corp. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code (as defined below) in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court"); and

WHEREAS, on March 8, 2019 and March 18, 2019, Movants Kerri Ann Bachner, Thomas Cantwell, Alisa Gorchock and Michael Gorchock filed motions for relief from the automatic stay (collectively, the "Motions"); and

WHEREAS, the Motions each seek relief from the automatic stay imposed by operation of law upon the commencement of the Debtors' Chapter 11 Cases pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, each of the Motions seeks to lift the automatic stay in order to pursue claims against Debtors FirstEnergy Generation, LLC ("FG") and First Energy Generation Mansfield Unit 1 Corp. ("FGMUC" and, together with FG, the "Debtor Defendants") and the other non-Debtor defendants, including FirstEnergy Corp. ("FE Corp."), relating to an accident that took place at the coal-fired plant known as the Bruce Mansfield Plant in Shippingport, Pennsylvania (the "Mansfield Plant" and the "Mansfield Incident"); and

WHEREAS, on October 25, 2017, Ms. Bachner filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, on behalf of herself and as administratrix of the estate of Kevin Bachner, on grounds of negligence from the Mansfield Incident, Case No. GD-17-014499; and

2

WHEREAS, Ms. Bachner's case was subsequently removed to the United States District Court for the Western District of Pennsylvania, Case No. 2:17-cv-01497-DSC on November 16, 2017 (the "Bachner Civil Action"); and

WHEREAS, the Bachner Civil Action remains pending before the United States District Court for the Western District of Pennsylvania; and

WHEREAS, on October 5, 2017, Mr. Cantwell filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania based on injuries he sustained in the Mansfield Incident, Case No. GD-17013705; and

WHEREAS, Mr. Cantwell's case was subsequently removed to the United States District Court for the Western District of Pennsylvania on November 16, 2017, Case No. 2:17-cv-01499-DSC (the "Cantwell Civil Action"); and

WHEREAS, the Cantwell Civil Action remains pending in the United States District Court for the Western District of Pennsylvania; and

WHEREAS, on October 25, 2017, Ms. Gorchock filed a complaint on behalf of herself and as administratrix of the estate of John Gorchock based on the Mansfield Incident in the Court of Common Pleas of Allegheny County, Pennsylvania, Case No. GD-17-014455; and

WHEREAS, Ms. Gorchock's case was subsequently removed to the United States District Court for the Western District of Pennsylvania, Case No. 2:17-cv-01496-DSC on November 16, 2017 (the "Alisa Gorchock Civil Action"); and

WHEREAS, the Alisa Gorchock Civil Action remains pending in the United States District Court for the Western District of Pennsylvania; and

3

WHEREAS, on October 30, 2017, Mr. Gorchock filed a complaint in the Court of Common Pleas of Beaver County, Pennsylvania based on the Mansfield Incident, Case No. 11398-2017; and

WHEREAS, Mr. Gorchock's case was removed to the United States District Court for the Western District of Pennsylvania on November 16, 2017, Case No. 2:17-cv-01494-DSC (the "Michael Gorchock Civil Action" and, together with the Bachner Civil Action, the Cantwell Civil Action and the Alisa Gorchock Civil Action, the "Civil Actions"); and

WHEREAS, the Michael Gorchock Civil Action remains pending in the United States District Court for the Western District of Pennsylvania; and

WHEREAS, on March 29, 2019, the Debtors filed the *Debtors' Objection to Motions of Kerry Ann Bachner, Thomas Cantwell, Michael Gorchock and Alisa M. Gorchock for Relief from Stay Under 11 U.S.C. § 362* [Docket No. 2415] (the "Debtors' Objection"); and

WHEREAS, the Debtors and the Movants have engaged in discussions about the Motions and the Debtors' Objection and have agreed to enter into this Stipulation to provide that the automatic stay will be lifted: (1) as it pertains to the Debtor Defendants; (2) solely with regards to the Civil Actions outlined above; and (3) on the date of entry of an order by the Bankruptcy Court confirming a plan of reorganization for the Debtor Defendants (the "Confirmation Order").

NOW, THEREFORE, the, Parties hereto, by and through their respective counsel, hereby agree as follows:

1.      The automatic stay with respect to the Debtor Defendants shall be modified effective on the date of entry of a Confirmation Order in these Chapter 11 Cases and from and after that date, all parties to the Civil Actions, including the Parties, are authorized to proceed in such Civil Actions. Notwithstanding the foregoing, if a judgment is later rendered against either

4

of the Debtor Defendants in any of the Civil Actions, recovery on account of any such judgment against the Debtor Defendants will be limited to any available insurance proceeds and the unsecured claims asserted against the Debtor Defendants in the proofs of claim timely filed by the Movants in such Debtor Defendants' Chapter 11 Cases with respect to such Civil Actions.[2]

2.      Nothing in this Stipulation shall limit any party in interest's rights with respect to the proofs of claim filed by the Movants in the Chapter 11 Cases concerning the Civil Actions, including the right to object to the claims asserted in such proofs of claim.

3.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation and that the respective Parties have full knowledge of and have consented to this Stipulation.

4.      Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

5.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Ohio, without regard to principles of conflicts of laws.

6.      This Stipulation may not be amended without the express written consent of all Parties hereto.

7.      This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns, and successors.

8.      It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against any Party on account of such drafting.

---

[2] Ms. Bachner filed Claim No. 1007 against FG and Claim No. 1024 against FGMUC. Mr. Cantwell filed Claim No. 1026 against FG and Claim No. 1023 against FGMUC. Ms. Gorchock filed Claim No. 1032 against FG and Claim No. 1028 against FGMUC. Mr. Gorchock filed Claim No. 933 against FG and Claim No. 944 against FGMUC.

9.     The Bankruptcy Court shall retain jurisdiction over any and all disputes or other

matters arising under or otherwise relating to this Stipulation.

# # #

6

SUBMITTED BY:

*/s/ Kate M. Bradley*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

　　　- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (admitted *pro hac vice*)
David H. Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dbotter@akingump.com
aqureshi@akingump.com

　　　- and -

Scott Alberino (admitted *pro hac vice*)
Kate Doorley (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
kdoorley@akingump.com

*Counsel for Debtors and Debtors in Possession*

　　　- and -

*/s/ Robert S. Bernstein*
**BERNSTEIN-BURKLEY, P.C.**
Robert S. Bernstein
Keri P. Ebeck
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
Tel: (412) 456- 8112
Fax: (412) 456-8136

*Counsel for Kerry Ann Bachner,*
*Thomas Cantwell and Alisa M. Gorchock*


- and –


*/s/ J. Michael Baggett*
**ALLEN STOVALL NEUMAN FISHER &**
**ASHTON LLP**
J. Matthew Fisher
17 South High Street, Suite 1220
Columbus, Ohio
Tel: (614) 221-8500
Fax: (614) 221-5988

    -and-

**McCANN GARLAND RIDALL & BURKE**
J. Michael Baggett
11 Stanwix Street, Suite 1030
Pittsburgh, PA 15222
Tel: (412) 566-1818
Fax: (412) 566-1817

*Counsel for Michael Gorchock*

8

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR RELIEF FROM STAY** was electronically filed and is available for viewing and downloading from the ECF system and was sent to all Counsel of record this 4th day of December, 2019 via electronic service, addressed below:

<table>
<tr>
<td>

Michael P. Leahey, Esquire
Jackson Kelly PLLC
Three Gateway Center, Suite 1500
401 Liberty Avenue
Pittsburgh, PA 15222
mpleahey@jacksonkelly.com
*Counsel for Defendant, FirstEnergy Corp.,*
*FirstEnergy Generation, LLC, and*
*FirstEnergy Generation Mansfield Unit 1*
*Corp.*

</td>
<td>

Kathy K. Condo, Esquire
Mark K. Dausch, Esquire
Shannon Anna DeHarde, Esquire
Babst Calland Clements & Zomnir, P.C.
Two Gateway Center
Pittsburgh, PA 15222
kcondo@babstcalland.com
mdausch@babstcalland.com
sdeharde@babstcalland.com
*Counsel for Defendant, FirstEnergy Corp.,*
*FirstEnergy Generation, LLC, and*
*FirstEnergy Generation Mansfield Unit 1*
*Corp.*

</td>
</tr>
<tr>
<td>

Lawrence E. Gurrera, II, Esquire
Edgar Snyder & Associates, LLC
U.S. Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
lgurrera@edgarsnyder.com
*Counsel for Kerri Ann Bachner, as*
*Administratrix of the Estate of Kevin Patrick*
*Bachner and in her own right*

</td>
<td>

David L. Kwass, Esquire
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
dkwass@smbb.com
*Counsel for Kerri Ann Bachner, as*
*Administratrix of the Estate of Kevin Patrick*
*Bachner and in her own right, Alisa M.*
*Gorchock, as Administratrix of the Estate of*
*John M. Gorchock and in her own right, and*
*Thomas Cantwell*

</td>
</tr>
</table>

Brad D. Trust, Esquire
Edgar Snyder & Associates, LLC
U.S. Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
btrust@edgarsnyder.com
*Counsel for Alisa M. Gorchock, as*
*Administratrix of the Estate of John M.*
*Gorchock and in her own right*

Robert J. Mongeluzzi, Esquire
Saltz, Mongeluzzi, Barrett & Bendesky
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
dkwass@smbb.com
*Counsel for Thomas Cantwell*

By:   /s/ Richard Urick
Richard Urick, Esquire
2131 Brodhead Road
Aliquippa, PA   15001
Phone:   (724) 375-6683
Fax:       (724) 375-5099
rurick@mutjlaw.com
PA 30997
Attorney for Plaintiff