UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GORCHOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:17-cv-1494 |
| v. | ) | |
| | ) | JUDGE CERCONE |
| FIRSTENERGY GENERATION LLC | ) | |
| 76 South Main Street, | ) | **THIRD-PARTY COMPLAINT** |
| Akron, OH 44308 | ) | |
| | ) | |
| FIRSTENERGY CORP. | ) | |
| 76 South Main Street, | ) | |
| Akron, OH 44308 | ) | |
| | ) | ***JURY DEMAND*** |
| and | ) | ***ENDORSED HEREON*** |
| | ) | |
| FIRSTENERGY GENERATION | ) | |
| MANSFIELD UNIT 1 CORP. | ) | |
| 76 South Main Street, | ) | |
| Akron, OH 44308 | ) | |
| | ) | |
| Defendants/Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENERFAB, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Defendants/Third-Party Plaintiffs FirstEnergy Generation LLC ("FE Generation"),

FirstEnergy Corp. ("FE Corp."), and FirstEnergy Generation Mansfield Unit 1 Corp. ("Mansfield

Unit 1") file this Third-Party Complaint against Enerfab, Inc. ("Enerfab") pursuant to Rule 14(a)

of the Federal Rules of Civil Procedure. For their complaint against Enerfab, Defendants allege as

follows:

1.      FE Generation is a limited liability company organized under the laws of the State of Ohio. FE Generation has a single member that is a corporation organized under the laws of the State of Ohio with a principal place of business in Akron, Ohio.

2.      Mansfield Unit 1 is incorporated under the laws of the State of Ohio with its principal place of business in Akron, Ohio, and is the wholly owned subsidiary of FE Generation.

3.      FE Corp. is incorporated under the laws of the State of Ohio with its principal place of business in Akron, Ohio, and is the parent corporation of FE Generation.

4.      On information and belief, Enerfab Inc. ("Enerfab") is incorporated under the laws of the State of Ohio, with its principal place of business located at 4430 Chickering Avenue, Cincinnati, Ohio 45232.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. Code §1332, and supplemental jurisdiction over this Third-Party Complaint under U.S. Code §1367. The claims alleged herein are based on the same underlying set of operative facts as the Plaintiff's complaint.

6.      Venue is proper under 28 U.S.C. § 1391(b)(2) because the Plaintiff's complaint alleges that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

7.      In 2016, FE Generation, through its authorized agent, FirstEnergy Service Company, entered into Boiler/Mechanical Services Contract No. 46103318 with Enerfab (the "Service Contract"), in which Enerfab agreed to perform general maintenance, boiler, and mechanical services for FirstEnergy generating plants, included the Bruce Mansfield Plant, a coal-fired power plant located at 128 Ferry Road, Shippingport, Pennsylvania ("Bruce Mansfield

Plant"), for the period from January 1, 2016 through September 30, 2022. The Service Contract

is voluminous, contains confidential information, and, upon information and belief, is in the

possession of Enerfab.

8.     The FirstEnergy Fossil Generation Contractor Safety Requirements attached to

the Service Contract contain a section titled "Contractor Safety Requirements," which provides

that Enerfab is responsible for the safety of its workers:

> The Contractor [Enerfab] shall take all necessary precautions for the safety and
> health of its employees and those of its subcontractors engaged in this Work, and
> shall comply with all applicable OSHA Standards and provisions of other Federal,
> State, and Municipal safety laws and Building Codes …the Contractor is solely
> responsible and accountable to ensure their personnel work safely, and Contractor
> management must enforce safe work practices. It is not the responsibility of
> Purchaser [FE Generation] to supervise contractor personnel or certify equipment
> being used.

(Section 1.1.1).

9.     The FirstEnergy Fossil Generation Contractor Safety Requirements specifically

make Enerfab responsible for training its personnel (Section 1.1.2), for conducting safety

inspections and a Job Safety Analysis (Sections 1.1.7 & 1.1.8), for providing personal protective

equipment such as respirators (Section. 1.2.1), for complying with applicable law when working

in a "Confined Space" (Section 1.5), and for identifying potentially hazardous materials (Section

1.7).

10.     On August 29, 2017, pursuant to the terms of the Service Contract, FE Generation

engaged Enerfab for the work which is the subject of Plaintiff's complaint.

11.     Plaintiff seeks to hold FE Generation, FE Corp., and/or Mansfield Unit 1 liable

for bodily injury caused in whole or in part by the acts or omissions of Enerfab.

12.     The alleged injuries to Michael Gorchock were a direct and proximate result of

the negligence of Enerfab in failing to exercise reasonable care to protect the health and safety of

its employees, including Michael Gorchock, while working on the job in the vault at the Bruce

Mansfield Plant on August 29 and 30, 2017.

13.   FE Generation, FE Corp., and Mansfield Unit 1 have incurred and continue to

incur costs, expenses, and attorney's fees in defending Plaintiff's claim.

14.   Article IX of the Service Contract provides for indemnity as follows:

**ARTICLE IX – INDEMNITY**

A.   Contractor's Indemnity. Contractor shall indemnify, defend, and
hold harmless Purchaser, its parent, subsidiaries and affiliates,
and each of their respective agents, officers, employees,
successors, assigns, and indemnitees (the "Indemnified
Parties"), from and against any and all losses, costs, damages,
claims, liabilities, fines, penalties, and expenses (including,
without limitation, attorneys' and other professional fees and
expenses, and court costs, incurred in connection with the
investigation, defense, and settlement of any claim asserted
against any Indemnified Party or the enforcement of
Contractor's obligations under this Article IX) (collectively,
"Losses"), which any of the Indemnified Parties may suffer or
incur in whole or in part arising out of or in any way related to
the Work performed or to be performed, the presence of
Contractor and/or its Subcontractors at Purchaser's Site, and/or
the actions or omissions of Contractor and/or its Subcontractors,
including, without limitation, Losses relating to: (1) actual or
alleged bodily or mental injury to or death of any person,
including, without limitation, any person employed by
Purchaser, by Contractor, or by any Subcontractor; (2) damage
to property of Purchaser, Contractor, any Subcontractor, or any
third party; (3) any contractual liability owed by Purchaser to a
third party; (4) any breach of or inaccuracy in the covenants,
representations, and warranties made by Contractor under the
Agreement; and/or (5) any violation by Contractor or any
Subcontractor of any ordinance, regulation, rule, or law of the
United States or any political subdivision or duly constituted
public authority; subject, however, to the limitations provided in
Section IX(B) (for Work performed in Pennsylvania), or Section
IX(C) (for Work performed in states other than Pennsylvania).
Purchaser shall be entitled to participate the defense of any
action indemnified hereunder, with legal counsel of its own
choosing.

15.     With respect to work performed within the Commonwealth of

Pennsylvania, Article IX(B) of the Service Contract further provides as follows:

> B.  WITH RESPECT TO WORK PERFORMED OR TO BE PERFORMED WITHIN THE COMMONWEALTH OF PENNSYLVANIA, Contractor's indemnity obligations under Section IX(A) shall apply in each case whether or not caused or contributed to by the fault or negligence of any or all of the Indemnified Parties, and Contractor expressly agrees that Contractor will indemnify, defend, and hold harmless the Indemnified Parties in connection with Section IX (A) even if any such Losses are caused in whole or in part by the concurrent negligence of one or more of the Indemnified Parties. Contractor agrees to waive and release any rights of contribution, indemnity, or subrogation it may have against any of the Indemnified Parties as a result of an indemnity claim asserted by another Indemnified Party under Section IX(A). Section IX(A) is intended to be an express written contract to indemnify as contemplated under Section 303(b) of the Pennsylvania Workers' Compensation Act (or any successor to such provision).

16.     Pursuant to Article IX(D):

> D.  Waiver of Immunities. If an employee of Contractor or its Subcontractor, or such employee's heirs, assigns, or anyone otherwise entitled to receive damages by reason of injury or death to such employee, brings an action at law against any Indemnified Party, then Contractor, for itself, its successors, assigns, and Subcontractors, hereby expressly agrees to waive any provision of any workers' compensation act or other similar law whereby Contractor could preclude its joinder by such Indemnified Party as an additional defendant, or avoid liability for damages, contribution, defense, or indemnity in any action at law, or otherwise. Contractor's obligation to Purchaser herein shall not be limited by any limitation on the amount or type of damages, benefits or compensation payable by or for Contractor under any worker's compensation acts, disability benefit acts, or other employee benefit acts on account of claims against Purchaser by an employee of Contractor or anyone employed directly or indirectly by Contractor or anyone for whose acts Contractor may be liable.

17.     On or about December 1, 2017, FE Generation, FE Corp., and Mansfield Unit 1 tendered Plaintiff's claim to Enerfab for a defense.

18.     On January 14, 2018, Enerfab's insurer, Valley Forge Insurance Company, writing on behalf of Enerfab, denied the tender request of FE Generation, FE Corp., and Mansfield Unit 1.

## COUNT I – BREACH OF CONTRACT – CONTRACTUAL INDEMNIFICATION

19.      FE Generation, FE Corp., and Mansfield Unit 1 incorporate paragraphs 1 through 18 as if fully set forth herein.

20.     Enerfab has breached its obligations under the Services Contract by failing and refusing to defend and indemnify FE Generation, FE Corp., and Mansfield Unit 1 against all claims brought by Plaintiff.

21.     Enerfab is required to pay all costs of defense incurred by FE Generation, FE Corp. and Mansfield Unit 1 in connection with Plaintiff's Complaint.

22.     In the event that FE Corp., FE Generation, and/or Mansfield Unit 1 are required to make payment as a result of Plaintiff's complaint, Enerfab is required to indemnify these defendants fully for any such payment.

WHEREFORE, FE Corp., FE Generation, and/or Mansfield Unit 1 demand judgment in their favor and against Enerfab for the cost of defense and for indemnification for the total amount of any monies required to be paid as a result of Plaintiff's complaint, and any and all other relief this Court deems just and proper.

## COUNT II – DECLARATORY RELIEF

23.     FE Generation, FE Corp., and Mansfield Unit 1 incorporate paragraphs 1 through 20 as if fully set forth herein.

24.     Enerfab has denied its obligation to pay the defense costs and to indemnify FE Generation, FE Corp., and Mansfield Unit 1 in connection with Plaintiff's Complaint.

25.     Accordingly, an actual and justifiable controversy exists between FE Generation, FE Corp., and Mansfield Unit 1, on one hand, and Enerfab, on the other, and the issuance of declaratory relief will resolve the existing controversy between the parties.

WHEREFORE, FE Generation, FE Corp., and Mansfield Unit 1 respectfully request that the Court enter judgment against Enerfab declaring that they are entitled to an award of indemnity from Enerfab, including any and all losses, costs, damages, claims, liabilities, fines, penalties, and expenses, including, without limitation, attorneys' and other professional fees and expenses, and court costs, incurred in connection with any claim asserted by Plaintiff against FE Generation, FE Corp., and/or Mansfield Unit 1, and for the enforcement of Enerfab's obligations under Article IX of the Service Contract, and awarding FE Generation, FE Corp., and Mansfield Unit 1 any and all other relief that this Court deems just and proper.

Respectfully Submitted,

Dated:  May 12, 2020                    */s/ Kathy K. Condo*
                                        Kathy K. Condo **(PA Bar No. 34910)**
                                        Joshua S. Snyder, Esquire **(PA Bar No. 315845)**
                                        BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
                                        Two Gateway Center, 6th Floor
                                        603 Stanwix Street
                                        Pittsburgh, Pennsylvania  15222
                                        (412) 394-5453

                                        Michael P. Leahey **(PA Bar No. 92933)**
                                        JACKSON KELLY PLLC

7

Three Gateway Center
401 Liberty Ave., Ste. 1500
Pittsburgh, PA 15222
(412) 434-8055
(412) 434-8062 (f)
mpleahey@jacksonkelly.com

Seth Hayes **(PA Bar No. 320332)**
Sylvia N. Winston **(PA Bar No. 318285)**
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV 26501
(304) 284-4100
(304) 284-4142 (f)
shayes@jacksonkelly.com
sylvia.winston@jacksonkelly.com

*Counsel for Defendants/Third-Party Plaintiffs*
*FirstEnergy Generation, LLC and FirstEnergy*
*Generation Mansfield Unit 1 Corp.*

*/s/ Matthew R. Divelbiss*
Matthew R. Divelbiss **(PA Bar No. 200510)**
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219.2514
Telephone:  (412) 391.3939
Facsimile:   (412) 394.7959
mrdivelbiss@jonesday.com

*Counsel for Defendant/Third-Party Plaintiff FirstEnergy*
*Corp.*

## DEMAND FOR JURY TRIAL

Defendants/Third-Party Plaintiffs FirstEnergy Generation LLC, FirstEnergy Corp., and

FirstEnergy Generation Mansfield Unit 1 Corp. demand a trial by jury on all counts so triable.


Respectfully Submitted,


Dated:  May 12, 2020

*/s/ Kathy K. Condo*
Kathy K. Condo **(PA Bar No. 34910)**
Joshua S. Snyder, Esquire **(PA Bar No. 315845)**
BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, Pennsylvania  15222
(412) 394-5453

Michael P. Leahey **(PA Bar No. 92933)**
JACKSON KELLY PLLC
Three Gateway Center
401 Liberty Ave., Ste. 1500
Pittsburgh, PA 15222
(412) 434-8055
(412) 434-8062 (f)
mpleahey@jacksonkelly.com

Seth Hayes **(PA Bar No. 320332)**
Sylvia N. Winston **(PA Bar No. 318285)**
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV 26501
(304) 284-4100
(304) 284-4142 (f)
shayes@jacksonkelly.com
sylvia.winston@jacksonkelly.com

*Counsel for Defendants/Third-Party Plaintiffs*
*FirstEnergy Generation, LLC and FirstEnergy*
*Generation Mansfield Unit 1 Corp.*

*/s/ Matthew R. Divelbiss*
Matthew R. Divelbiss **(PA Bar No. 200510)**
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219.2514

9

Telephone:  (412) 391.3939
Facsimile:   (412) 394.7959
mrdivelbiss@jonesday.com

*Counsel for Defendant/Third-Party Plaintiff FirstEnergy Corp.*