IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GORCHOCK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17cv1494 |
| | ) | **Electronic Filing** |
| **FIRSTENERGY CORP.**, | ) | |
| **FIRSTENERGY GENERATION LLC**, | ) | |
| and **FIRSTENERGY GENERATION** | ) | |
| **MANSFIELD UNIT 1 CORP.**, | ) | |
| | ) | |
| Defendants/Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ENERFAB, INC.**, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

---------------------------------------------------

| | | |
|---|---|---|
| **ALISA M. GORCHOCK**, as | ) | |
| Administratrix of THE ESTATE OF | ) | |
| JOHN M. GORCHOCK and In Her | ) | |
| Own Right, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17cv1496 |
| | ) | **Electronic Filing** |
| **FIRSTENERGY CORP.**, | ) | |
| **FIRSTENERGY GENERATION LLC**, | ) | |
| **FIRSTENERGY GENERATION** | ) | |
| **MANSFIELD UNIT 1 CORP.**, | ) | |
| **MASCARO CONSTRUCTION** | ) | |
| **COMPANY LP D/B/A MASCARO** | ) | |
| **CONSTRUCTION COMPANY**, and | ) | |
| **MASCARO SERVICES, INC.**, | ) | |
| | ) | |

Defendants,                               )
                                          )
        and,                              )
                                          )
**FIRSTENERGY CORP.,**                    )
**FIRSTENERGY GENERATION LLC,**           )
and **FIRSTENERGY GENERATION**            )
**MANSFIELD UNIT 1 CORP.,**               )
                                          )
        Third-Party Plaintiffs,          )
                                          )
        v.                                )
                                          )
**ENERFAB, INC.,**                        )
                                          )
        Third-Party Defendant.           )


--------------------------------------------------------

**KERRI ANN BACHNER** as               )
Administratrix of THE ESTATE OF         )
KEVIN BACHNER and In Her                )
Own Right,                              )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        2:17cv1497
                                        )        **Electronic Filing**
**FIRSTENERGY CORP.,**                  )
**FIRSTENERGY GENERATION LLC,**         )
**FIRSTENERGY GENERATION**              )
**MANSFIELD UNIT 1 CORP.,**             )
**MASCARO CONSTRUCTION**                )
**COMPANY LP D/B/A MASCARO**            )
**CONSTRUCTION COMPANY**, and           )
**MASCARO SERVICES, INC.,**             )
                                        )
        Defendants,                     )
                                        )
        and,                            )
                                        )
**FIRSTENERGY CORP.,**                  )
**FIRSTENERGY GENERATION LLC,**         )
and **FIRSTENERGY GENERATION**          )

2

**MANSFIELD UNIT 1 CORP.,**                     )
                                                )
       Third-Party Plaintiffs,             )
                                                )
    v.                                        )
                                                )
**ENERFAB, INC.,**                              )
                                                )
       Third-Party Defendant.             )

---------------------------------------------------------

**THOMAS CANTWELL,**                            )
                                                )
       Plaintiff,                         )
                                                )
    v.                                        )     2:17cv1499
                                                )     **Electronic Filing**
**FIRSTENERGY CORP.,**                          )
**FIRSTENERGY GENERATION LLC,**                 )
**FIRSTENERGY GENERATION**                      )
**MANSFIELD UNIT 1 CORP.,**                     )
**MASCARO CONSTRUCTION**                        )
**COMPANY LP D/B/A MASCARO**                    )
**CONSTRUCTION COMPANY**, and                   )
**MASCARO SERVICES, INC.,**                     )
                                                )
       Defendants,                        )
                                                )
       and,                               )
                                                )
**FIRSTENERGY CORP.,**                          )
**FIRSTENERGY GENERATION LLC,**                 )
and **FIRSTENERGY GENERATION**                  )
**MANSFIELD UNIT 1 CORP.,**                     )
                                                )
       Third-Party Plaintiffs,            )
                                                )
    v.                                        )
                                                )
**ENERFAB, INC.,**                              )
                                                )
       Third-Party Defendant.             )

---------------------------------------------------------

3

## **MEMORANDUM ORDER**

AND NOW, this 26th day of March, 2021, upon due consideration of Third-Party

Defendant Enerfab, Inc.'s motion to dismiss and the parties' submissions in conjunction

therewith, IT IS ORDERED that the motion be, and the same hereby is, denied.

Pursuant to Rule 12(b)(6), Enerfab seeks dismissal of the FirstEnergy defendants/third-

party plaintiffs' ("the FirstEnergy parties") claim for contractual indemnity.  It invokes

Pennsylvania's conflict-of-laws jurisprudence to gain the application of Ohio law based on a

general choice-of-law provision in the Service Contract between the parties.  Enerfab then

contends that the contractual obligation requiring it to indemnify the FirstEnergy parties for "any

and all claims" against those parties constitutes an agreement that requires Enerfab to indemnify

the FirstEnergy parties for the FirstEnergy parties' own negligence.  Because the indemnification

agreement purportedly produces such a result, it assertedly violates Ohio's statutory law as

reflected in section 2305.31 of Ohio's Revised Code and the jurisprudence interpreting that

section.  Section 2305.31 prohibits an agreement in the construction or maintenance industry

wherein a promisor agrees to indemnify the promisee for the damages resulting from the

promisee's own negligence.  See, e.g., Kendall v. U.S. Dismantling Co., 485 N.E.2d 1047 (Ohio

1985) ("We find the general language providing indemnification for "any and all liability claims

and expenses arising out of this contract" clearly encompassed indemnification for Ginsburg's

own negligence.  This provision is a violation of R.C. 2503.31 to the extent that Phillips is

obligated to indemnify Ginsburg for Ginsburg's own negligence.") (syllabus); Alan v. Ginsburg,

2000 WL 1859842, *5 (Ohio App. Dec. 20, 2000) (" R.C. 2305.31 prohibits agreements by

which the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee.").

In response, the FirstEnergy parties maintain that specific provisions of the Service Contract governing Enerfab's work delegated the responsibility for ensuring compliance with safety duties and obligations to Enerfab.  Further, the Service Contract contained specific provisions governing the work performed in Pennsylvania, and it contained an indemnity provision intending "to be an express written contract to indemnify as contemplated under Section 303(b) of the Pennsylvania Workers' Compensation Act."  Service Contract (Doc. No. 60) at Art. IX.B.  It also contained a savings clause in the event any portion to the agreement were to be declared unenforceable.  Id. at Art. XXVI(vii).  The FirstEnergy parties thus maintain that careful consideration of the Service Contract indicates that the parties' intended Pennsylvania law to govern the work performed in Pennsylvania as it relates to an accident at a worksite within Pennsylvania involving Pennsylvania workers where the workers are seeking to recover for injuries sustained in the course of their employment.  In other words, the specific provisions of the Service Contract indicate that the parties intended for Pennsylvania law to govern the indemnity provisions at issue.  And in the alternative, the FirstEnergy parties maintain that applying Ohio law to the circumstance at bar would violate the public policy of Pennsylvania and a close review of Ohio law reveals that the conflict between Ohio and Pennsylvania law as asserted by Enerfab does not exist in any event.

Enerfab's contention that it is entitled to dismissal under Rule 12(b)(6) because the FirstEnergy parties are seeking to shift the financial responsibility for any negligence by the FirstEnergy parties to Enerfab is both premature and beyond the scope of this court's current review.  The question raised by a motion to dismiss is whether sufficient factual matter has been

raised to set forth a plausible showing of entitlement to relief.  Because the FirstEnergy parties'

third-party complaint meets this standard, any further analysis concerning the application of the

Service Contract to any underlying recovery by the plaintiffs must await until that liability has

been fixed and the court has the benefit of a fully developed record.  Only then can a

determination be made as to what conduct gave rise to the plaintiffs' injuries and, concomitantly,

the third-parties' contractual allocations as they relate to the breach of the duties and obligations

giving rise to those injuries.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868

F.2d 644, 645 (3d Cir. 1989).  Under the Supreme Court's decision in Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is

proper only where the averments of the complaint plausibly fail to raise directly or inferentially

the material elements necessary to obtain relief under a viable legal theory of recovery.  Id. at

544.  In other words, the allegations of the complaint must be grounded in enough of a factual

basis to move the claim from the realm of mere possibility to one that shows entitlement by

presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id.  In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do,'" nor will advancing only factual allegations that

are "'merely consistent with' a defendant's liability." Id.  Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct.  Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same).  Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'"  Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state

'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

The FirstEnergy parties' third-party complaint easily satisfies these standards. The underlying plaintiffs advance a myriad of grounds for establishing a breach of duty giving rise to their asserted injuries and resulting damages. These include the failure to 1) inspect the worksite in order to maintain a safe work area, 2) comply with OSHA regulations, 3) appropriately test the work site for the presence of hazards conditions, 4) assure that appropriately trained and experienced personnel were performing the work, 5) provide appropriate personal protective equipment, 6) assure safety monitoring equipment was being used during the work, and 7) assure adequate safety plans had been formulated and were being utilized. See Complaint (Doc. No. 1-1) at ¶ 32. And the Service Contract assertedly places responsibility for these aspects of the work on Enerfab. See Service Contract (Doc. No. 60) at Contractor Safety Requirements, §§ 1.1.1, 1.1.2, 1.17-1.1.8, 1.5 and 1.7.

As the FirstEnergy parties note, Pennsylvania has adopted the Restatement (Second) of Torts § 416, which has the potential to permit the jury to find one or more of the FirstEnergy parties liable for Enerfab's failure to exercise reasonable care. The FirstEnergy parties have made precisely such an allegation in their third-party complaint:

> Plaintiff seeks to hold FE Generation, FE Corp., and/or Mansfield Unit 1 liable for bodily injury caused in whole or in part by the acts or omissions of Enerfab.
>
> The alleged injuries to Michael Gorchock were a direct and proximate result of the negligence of Enerfab in failing to exercise reasonable care to protect the health and safety of its employees, including Michael Gorchock, while working on the job in the vault at the Bruce Mansfield Plant on August 29 and 30, 2017.

Third-Party Complaint (Doc. No. 51 in 2:17cv1494) at ¶¶ 11-12.  Thus, the FirstEnergy

parties have stated a claim for contractual indemnity based on the negligence of Enerfab in

fulfilling its duties and obligations under the Service Contract.

  Moreover, a finding of liability pursuant to § 416 against the one or more of the

FirstEnergy parties for Enerfab's failure to exercise reasonable care in the performance of its

duties and obligations under the Service Contract would not in itself contravene Ohio law.

The Supreme Court of Ohio has clarified that "[w]hether the contract facially violates R.C.

2305.31 or not, the relevant inquiry in a case under this statute is whether a promisor would

be indemnifying a promisee for the promisee's own negligence under the contract."

Kemmeter v. McDanial Backhoe Serv., 732 N.E.2d 385, 413 (Ohio 2000); accord Stickovich

v. Cleveland, 757 N.E.2d 50, 67 (Ohio App. 2001) ("Kemmeter also expressly recognized that

the mere assertion of a negligence claim is not sufficient to preclude coverage.  Even if a

construction indemnity agreement "facially violated R.C. 2305.31," recovery was

nevertheless permissible if the injury arose out activities within the contractor's contractual

control."); Kovach v. Warren Roofing & Illum. Co., 2007 WL 1508530, *4 (Ohio App., May

24, 2007) (Kemmeter "makes clear that indemnification agreements are generally enforceable

to the extent that the negligence arises solely from activities under the promisor's contractual

control and the liability is not attributable to the promisee's own negligence.  A mere assertion

of a negligence claim is not sufficient to defeat a contractual indemnification provision.

Indeed, this court has previously found that the mere assertion of a direct negligence claim

against a promisee is not sufficient to preclude an otherwise enforceable obligation to

indemnify or defend.").

Of course, whether, and if so to what degree, a jury finds liability against one or more of the FirstEnergy parties and the extent to which any such liability is based on a failure of Enerfab to exercise reasonable care in the performance of its contractual duties are open questions. If any such liability were to arise solely from activities the Service Contract placed under Enerfab's contractual control, then indemnity for such conduct would not transgress Ohio law. <u>Kemmeter</u>, 732 N.E.2d at 413. In turn, whether, and if so to what degree, the FirstEnergy parties would seek to shift responsibility for any such liability to Enerfab likewise remains uncertain. <u>Compare</u>, <u>id.</u> ("A successful verdict does not mean that colorable claims were not made against Fibbe itself. Fibbe can recover attorney fees paid to defend against alleged negligence only if that alleged negligence arose solely from activities under *Ruehl's* contractual control."); <u>Lubrizol v. Lichtenberg & Sons Constr., Inc.</u>, 2005 WL 3610468, * (Ohio App. Dec. 29, 2005) (". . . upon careful review, it becomes clear that what the sentence [by the trial court] means is Lubrizol, as Valvoline's assignee, must prove [to the jury that] Lichtenberg breached a contractual duty, and that such breach caused James's injury. That is, Lubrizol, as Valvoline's assignee, must prove Lichtenberg had a duty under the contract, to do or not do something in connection with "the Work," and that such act or failure to act caused injury to James, and thus triggered Lichtenberg's duty to indemnify."). All of these contingencies have a bearing on whether a true conflict between Pennsylvania and Ohio law actually exists with regard to the FirstEnergy parties and Enerfab's contractual relationship as reflected in the Service Agreement. It follows that the dispute raised by Enerfab is premature and its herculean effort to obtain a ruling on the conflict-of-laws issue raised in its motion to dismiss is unavailing at this juncture.

The FirstEnergy parties' third-party complaint sets forth a plausible showing of entitlement to relief.  The basis or bases for any actual liability against the FirstEnergy parties remains uncertain.  The factual foundations for any such liability and the degree to which the FirstEnergy parties seek to shift responsibility for that liability to Enerfab each have a bearing on whether an actual conflict exists between Ohio and Pennsylvania with regard to the indemnity provisions of the Service Contract.  Because that liability and the concomitant clarity in the FirstEnergy parties' position cannot be ascertained until a proper development of the record has occurred, Enerfab's motion to dismiss properly has been denied.


                                        s/David Stewart Cercone
                                        David Stewart Cercone
                                        Senior United States District Judge


cc:    David L. Kwass, Esquire
       Elizabeth Bailey, Esquire
       Richard Urick, Esquire
       Brad D. Trust, Esquire
       Kathy K. Condo, Esquire
       Matthew R. Divelbiss, Esquire
       Daniel R. Michelmore, Esquire
       Michael P. Leahey, Esquire
       Joshua S. Snyder, Esquire
       Seth P. Hayes, Esquire
       Mark R. Lane, Esquire

       (*Via CM/ECF Electronic Mail and Email*)