IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS CANTWELL<br><br>*And*<br><br>**KERRI ANN BACHNER as Administratrix of THE ESTATE OF KEVIN BACHNER and In Her Own Right**<br><br>*And*<br><br>**ALISA M. GORCHOCK as Administratrix of THE ESTATE OF JOHN M. GORCHOCK and In Her Own Right**<br><br>*Plaintiff*<br>v.<br><br>**FIRSTENERGY CORP., et al.**<br><br>*Defendants* | Case No.  2:17-cv-01494-DSC<br><br>JURY TRIAL DEMANDED<br><br>PLAINTIFFS' MOTION TO COMPEL |

## PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF TYLER DE LEO

Plaintiffs, by and through their attorneys, Saltz Mongeluzzi & Bendesky P.C. and Edgar Snyder and Associates, hereby move this Honorable Court to enter an Order compelling the deposition of Tyler De Leo about his work on the Root Cause Analysis team.

1. Plaintiffs hereby move this court to compel FirstEnergy Defendants to produce Tyler De Leo for a deposition.

2. Mr. De Leo was directly involved with post-accident investigation.

3. FirstEnergy Generation contends they do not need to produce Mr. De Leo because his knowledge is subject to a privilege, because he was working on a root cause analysis report, allegedly at the direction of counsel.

4. FirstEnergy Generation has produced absolutely no evidence or support that Mr. De Leo's work was actually at direction of counsel. The only thing FirstEnergy Generation has produced on this issue is a privilege log that refers to an e-mail sent by a FirstEnergy *Services* attorney, to create a root cause analysis team for the accident. *See* Exhibit A.

5. Besides that one purported email, there is no evidence of any further involvement by that attorney in the Root Cause Analysis work.

6. To the contrary, testimony from members of the Root Cause Analysis team suggests that there was no attorney actually involved in their work. Instead, the team reported that only non-attorney employees and representatives were actually performing the root cause analysis work and working on the report.

7. FirstEnergy Generation has refused to produce Mr. De Leo claiming that any information he may have about the facts and circumstances of his work is privileged. *See* Email with K. Condo, attached as Exhibit B.

8. Mr. De Leo is a critical fact witness to post-incident facts and information that is not subject to any privilege limitations. *Richards-Wilcox Mfg. Co. v. Young Spring & Wire Corp.*, 34 F.R.D. 212, 213 (N.D. Ill. 1964) "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product. Feldman v. Pioneer Petroleum, Inc., 87 F.R.D. 86, 89 (W.D.Okla.1980). Thus, work product does not preclude inquiry into the mere fact of an investigation." *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262(10th Cir.

1995) ""[T]he work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions"; it does not protect the facts or documents that the attorney uses to create those strategies." *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). *Veroblue Farms USA, Inc. v. Wulf*, No. 1:21-MC-00016-CMA, 2021 WL 1979047, at *3 (D. Colo. May 18, 2021). Nor does the privilege protect documents "gathered" at attorney direction. *W. Nat'l Bank v. Emp. Ins. of Wausau*, 109 F.R.D. 55, 57 (D. Colo. 1985).

9. Plaintiffs are entitled to take Mr. De Leo's deposition about the facts and data he learned in the completion of his work on the Root Cause Analysis team.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order compelling the full and complete deposition of Tyler De Leo.

        Respectfully submitted,

        SALTZ, MONGELUZZI & BENDESKY, P.C.

        BY:  */s/ Elizabeth A. Bailey*
             ROBERT J. MONGELUZZI
             DAVID L. KWASS
             ELIZABETH A. BAILEY

Date: March 11, 2022

## **CERTIFICATE OF SERVICE**

The undersigned herby certifies that a true and correct copy of the above document was served electronically upon all parties of record.

                                                      BY:   */s/ Elizabeth A. Bailey*
                                                                         ELIZABETH A. BAILEY

Dated: March 11, 2022